**SOUTHERN RAILWAY COMPANY,**
**Defendant-Appellant,**

v.

**I. C. EARNHARDT, Administrator of the Estate of Herbert Hoover Earnhardt, Deceased, Plaintiff-Appellee.**

**No. 12436.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 29, 1968.

Decided Jan. 6, 1969.

L. P. McLendon, Jr., and James T. Williams, Jr., Greensboro, N. C. (McLendon, Brim, Brooks, Pierce & Daniels, Greensboro, N. C., on brief), for defendant-appellant.

Arch K. Schoch, Jr., High Point, N. C. (Schoch, Schoch & Schoch, John Haworth, and Haworth, Riggs, Kuhn & Haworth, High Point, N. C., on brief), for plaintiff-appellee.

Before HAYNSWORTH and CRAVEN, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM:

This is an action for the recovery of damages for the death of Plaintiff's decedent resulting from a collision between a truck operated by the decedent and a southbound freight train of the Defendant at a grade crossing near Jamestown, North Carolina. The truck was approaching the crossing from an easterly direction. Plaintiff alleges that the collision was due to negligence in the operation of the train. Defendant denies negligence and alleges the affirmative defense of contributory negligence on the part of decedent. The District Court denied a motion to dismiss the action on the grounds of contributory negligence. There was a jury verdict in favor of Plaintiff. Defendant filed a motion to set aside the verdict upon the grounds that the court erred in failing to dismiss the action because of contributory negligence and for alleged error in the court's instructions. The motion was overruled and judgment entered for the Plaintiff, 281 F.Supp. 585.

An examination of the transcript of the proceedings reveals that the principal factual issue involved was whether appropriate warnings of the approaching

train were given. The evidence was in conflict and has been resolved by the jury. A detailed recital of the facts would serve no useful purpose but upon a review of the record we can not say the finding of the jury was not supported by substantial evidence.

The instructions of the District Court read as a whole properly submitted the issues to the jury and we find no error of law.

The action of the District Court affirming the verdict and entering judgment should be affirmed.

Affirmed.